# DECISIONS COURT OF APPEAL,

# PARISH ORLEANS,

### No. 3744.

(Court of Appeal, Parish of Orleans.)

## AUGUST FABER vs. NEW ORLEANS BUTCHERS CO-OPERATIVE ABATOIR COMPANY, LIMITED.

On the averment that he had been employed by the defendant corporation for a term of twelve months at a stipulated salary, and that he had been discharged before the expiration of the term of employment without serious complaint, the plaintiff sued for the whole of the salary which he would have been entitled to receive had the full term of his services arrived. Held: That the evidence conclusively establishes that the employment was by the month, and that plaintiff cannot recover.

Appeal from Civil District Court, Division "E."

B. R. Forman, for Plaintiff and Appellant.

John Dymond, Jr., for Defendant and Appellee.

MOORE, J. This was a suit on a contract of hire of labor in which the employee—notwithstanding his discharge before the alleged term of his employment had expired,—sought to recover of the employer,the defendent corporation, the whole of the salary which he would have been entitled to receive, had the full term of his services arrived; his averment being that he was sent away without any serious ground of complaint before the expiration of the stipulated term of employment.

The answer was substantially a general denial. There was judgment in favor of the defendent rejecting plaintiff's demand and the latter prosecutes this appeal.

The facts are that plaintiff was originally employed by the defendent corporation, as its general superintendent, on the 15th June 1902 for a term of one year therefrom at a salary of $1,800

3

for the term, payable at the rate of $75.00 on the 1st and 15th of each month during the contract period. Some two weeks prior to the expiration of this term of employment the plaintiff addressed a communication to the defendant corporation in which he called its attention to the fact that his term of employment was near at hand and suggested that if the Board had any desire to confer with him "there would be ample time to do so." Twelve days later the Board met and after an extensive discussion by the directors as to whether plaintiff should be re-employed by the year or by the month, and after they had distinctly and unanimously assented to the proposition that he should thenceforth be employed by the month and not by the year, and that his salary, under the new employment, should be paid to him in a lump sum, id est $150.00 per month, at the end of each month he would be retained in its service, the Board unanimously adopted the following resolution:

"Resolved that the Superintendent be re-nominated as Superintendent of the Corporation at $150.00 per month, subject to the recommendations of the Finance Committee as to allevations of his system of work."

The plaintiff was then called in before the Board of Directors and he was then informed of the board's resolution, and he was subsequently advised in writing by the Secretary of the conditions of the re-election. He continued in the service of the company under his new contract from the 15th June 1903 until the 15th January 1904, when he was discharged, receiving his monthly salary at the end of each month for seven months.

It is not pretended, nor can it be successfully contended that there is any thing in the resolution itself which, in the slightest manner, suggests an employment for a term of months.

The only term expressed in the resolution is the term for which the salary is stipulated, and under the stipulation, id est: "One hundred and fifty dollars per month," there would be as much warrant to affirm that the contract was for a term of ten years, or for any greater number of years, as to declare that it was for one year.

Nor had the plaintiff any reason even to infer that he was re-elected for another year because his previous election had been for that term. On the contrary, the fact that the resolution of his original election specifically stipulated that he was "elected Superintendent for the term of one year, to take effect from and

4

after Monday, June 16th, 1902," whereas the resolution of his re-election *ex industria* excluded any such or similar expression coupled with the change of the mode of payment of his wages, brought home to him information that his re-election was by no means on the same terms and conditions or for the same term as were those of his previous employment.

The facts of the case are overwhelmingly against the plaintiff. The Judgement appealed from is therefore affirmed.